Henderson, Chief-Justice
 

 If
 
 Barnes,
 
 the executor, had borrowed the money of the bank himself, although he might have applied it' to the payment of his testator’s debts, perhaps the equity of
 
 Bryan
 
 who afterwards paid the debt, would be too slight to charge the estate of
 
 Bell
 
 with-its repayment. The justice of the claim would be felt
 
 *151
 
 by
 
 all;
 
 although perhaps it could be brought within no rule heretofore acknowledged by the court. But I think any honest man would be unwilling to hold under the mere bounty of one, whose assets were in conscience one-rated with such a claim. The property is certainly benefited to the amount of the money paid. This impugns not the equity of the petitioner
 
 Heart’s
 
 claim, for he is a sufferer, and is contending
 
 de damno evitando.
 
 In this case the money was borrowed by
 
 Bell
 
 himself and went to his use. The debt has continued ever since, sometimes in the name of the widow, and sometimes in the name of
 
 Barnes
 
 the executor. Although by the forms of the bank this debt was extinguished upon each renewal, as it is called, by discounting a new note, and carrying the proceeds to the credit of the preceding one, yet in reality it-is the same debt. I view this case therefore, as if the original debt had continued until discharged by
 
 Bryan.
 
 And if this were the case, the equity is plain, and he is substituted to the rights of the bank, when they held
 
 Bell’s
 
 note. And notwithstanding it may have been cancelled, or delivered by the bank to those who first renewed it, and by them thrown aside or destroyed, this court will set it up, even if the cancellation was made with the consent and by the directions of those who first renewed it; for these were acts which ought not to have been done or assented to. The original note should have been preserved for those who afterwards paid the money given upon its surrender. For the executor gave no consideration for it. It is true, he promised to pay, but did not.
 
 Bryan
 
 has done what he promised to do. Those not acquainted with the ai’tificial rules of the bank, and who looked at the transaction itself as it really existed, considered it still the debt of the estate. Notes given for its renewal were signed by Barnes, as executor, as principal, and by himself as surety ,• and further he swears, that he thought the assets of the estate were bound for its payment. I am satisfied, that the time is not far distant, if it lias not already arrived, when upon a note given in a form not to preclude an inquiry in*' •to the consideration, as where it is signed as executor,
 
 *152
 
 aad given for a debt due by the testator, the assets maybe reached even at law.
 

 I concur therefore, with Judge Hah, that there should be judgment for the petitioner
 
 Bryan.
 

 Pee, Curiam. — Direct the fund to be paid to the petitioner
 
 Bryan,
 
 and let each petitioner pay his own costs.